IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SCHWARTZ, | : | |
| | : | Civil File No. 1:22-cv-00581 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | Judge: Douglas R. Cole |
| v. | : | |
| | : | |
| | : | |
| THE LITIGATION PRACTICE GROUP PC | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT THE LITIGATION PRACTICE GROUP PC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant The Litigation Practice Group ("LPG" or "Defendant"), by its undersigned counsel, hereby moves this court, pursuant to Federal Rules 12(b)(1) and 12(b)(6), for an Order dismissing Plaintiff Michael Schwartz's ("Plaintiff") *Complaint* for lack of standing under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). The grounds for this Motion are set forth in the accompanying Memorandum of Law, which is incorporated by reference.

                                                            Respectfully submitted,

                                                            **LUPER NEIDENTHAL & LOGAN**
                                                            A Legal Professional Association

                                                            */s/ Kyle T. Anderson*
                                                            Christopher R. Pettit (0065694)
                                                           Matthew T. Anderson (0082730)
                                                           Kyle T. Anderson (0097806)
                                                           1160 Dublin Road, Suite 400
                                                           Columbus, Ohio 43215-1052

(614) 221-7663 Fax: (866) 345-4948
Email: cpettit@LNLattorneys.com
Email: manderson@LNLattorneys.com
Email: kanderson@LNLattorneys.com
*Attorneys for Defendant The Litigation Practice Group PC*

# **MEMORANDUM IN SUPPORT**
## **INTRODUCTION**

This putative action arose from a small claims complaint in which Plaintiff did not allege facts giving a legal basis for his claims. Furthermore, Plaintiff's allegations are inconsistent and his claim for monetary relief conveniently mirrors the jurisdictional threshold for small claims.

In this proposed action, Plaintiff seeks to hold Defendant accountable for allegedly making calls to him that he did not wish to receive. Attempting to find a basis to bring this action, Plaintiff has provided a formulaic recitation of certain provisions of the Telephone Consumer Protection Act ("TCPA") without alleging facts in support of his claims.

First, Plaintiff does not provide sufficient information as to the telephone number that called or that such telephone number was associated with LPG. Instead, Plaintiff only claims that he received multiple phone calls from Debt Management Center, who he alleges is an agent of Defendant LPG. Plaintiff alleges that he received only one phone call from Defendant, and spoke with alleged employee, Austin Johnson. Other than the general statement that Debt Management Center is an agent of Defendant, Plaintiff has not alleged any elements, facts, or specifics as to the relationship between the two parties to infer an agency relationship

Further, Plaintiff asserts that because his telephone number is registered on the national do-not-call-registry, Defendant was prohibited from making these "telephone solicitations" to him. Nevertheless, under well-settled pleading standards, conclusory allegations of wrongdoing are insufficient to state a claim. Because Plaintiff has failed to disclose critical facts that are necessary

2

to state aclaim for relief, the Complaint should be dismissed in its entirety.

Plaintiff's claim that Defendant violated the TCPA by making multiple "telephone solicitations" to him even though his telephone number is listed on the national do-not-call registry suffers from several fatal flaws. For instance, Plaintiff has not plausibly shown that Defendant called him more than once, a critical element of his claim. While he alleges that Debt Management Center is an agent of Defendant, Plaintiff purposefully falls short of providing any information to support this allegation. Plaintiff alleges only that Defendant called him once.

Plaintiff lacks standing because he lacks a sufficient Article III injury. Plaintiff has also failed to state a claim under Rule 12(b)(6) because his *Complaint* contains only conclusory allegations; it lacks factual allegations sufficient to raise Plaintiff's right to relief above the speculative level. Therefore, for the reasons that follow, this Court should dismiss Plaintiff's claims with prejudice.

## STATEMENT OF FACTS

On or about September 9, 2022, Plaintiff filed a Complaint against the Defendant, alleging that his rights were violated pursuant to 47 U.S.C. § 227. However, Plaintiff's Complaint is devoid of any facts that could lead LPG to properly respond to the allegations. Plaintiff fails to provide any information to support his alleged claim that he has received multiple phone calls from Defendant. Instead, Plaintiff only alleges that he received "multiple unsolicited calls from Debt Management Center," who is not a party to this action. Plaintiff alleges that Debt Management Center is an agent of Defendant, but does not plead any elements, facts, or specifics as to the relationship between the two parties to infer an agency relationship. As plead, Plaintiff failed to allege sufficient facts to show that he received more than one phone call from Defendant, making his claim insufficient under 47 U.S.C. § 227.

3

## ARGUMENT

### I.    Standard of Law

To survive a motion to dismiss pursuant to FRCP 12(b)(6), a plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007). Thus, when legal conclusions are involved in the complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions," *Iqbal,* 129 S.Ct. at 1949, and "only a complaint that states a plausible claim for relief survives a motion to dismiss," *id.* at 1950. Thus, a pleading that offers 'labels and conclusions or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint will not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Stone v. Collier*, No. 2:19-cv-00401, 2019 U.S. Dist. LEXIS 22568, at *8 (S.D. Ohio Feb. 12, 2019). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.*

In considering a motion to dismiss, the Court must look to "the plausibility of an inference, which depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

### I.    Plaintiff Lacks Article III Standing because he has not Suffered, and has Failed to Properly Plead, an Injury-In-Fact.

This Court lacks jurisdiction over Plaintiff's TCPA claims against LPG. Jurisdiction is limited to what the Constitution refers to as "Cases" and "Controversies." *Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 559 (1992). One essential component of the "case-or-controversy requirement of Article III" is standing. *Id*. at 560. The "irreducible constitutional minimum of standing contains three elements": (1) injury-in-fact; (2) traceability; (3) and redressability. *Id*. "The party invoking federal jurisdiction bears the burden of establishing [the three elements of standing]." *Id*. at 561. Here, Plaintiff has failed to meet his burden of establishing Article III standing. Because Plaintiff lacks standing, he cannot succeed on his claims and his claims should be dismissed.

Foremost among a plaintiff's requirements in establishing Article III standing is *pleading* and proving an injury-in-fact. *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018)(emphasis added). To meet this burden, a plaintiff must plead and prove an injury that is "concrete, particularized, and actual or imminent . . . ." *Clapper v. Amnesty lnt'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016)."[T]he requirement of injury in fact is a hard floor of Article III jurisdiction that cannotbe removed by statute." *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009). Therefore, a plaintiff may "not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of ArticleIII." *Spokeo*, 136 S. Ct. at 1549. But that is precisely what Plaintiff has attempted to do here.

Pursuant to Rule 12(b)(1), the Court must accept as true all material allegations set forth in the complaint and must construe those facts in favor of the nonmoving party. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Faced with a 12(b)(1) motion, "the plaintiff bears the burden of establishing the elements of standing," and must support all three elements "in the same way as any other matter on which the

5

plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Id.* (internal citation omitted); *Lujan*, 504 U.S. at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan*, 504 U.S. at 561 (internal citation omitted).

Notwithstanding the minimal burden required to allege an injury at the pleading stage, Plaintiff has failed to properly plead an injury-in-fact. All that is required is to plead "general factual allegations of injury resulting from the defendant's conduct . . ." *Id.* "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement of Article III standing whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016).

Here, Plaintiff has simply alleged he received multiple phone calls from Debt Management Center, who is not a party to the instant matter. He alleges that he received one phone call from Defendant and spoke with a single employee. Further, Plaintiff's *Complaint* lacks any explanation as to how he was injured by receiving the alleged phone call(s). He does not, for example, offer any facts explaining how receipt of the phone call harmed him. His sole allegation is that the phone call violated his rights as a consumer protected under the TCPA. This is insufficient to clear even Plaintiff's low injury bar. While "general factual allegations of injury" might suffice at the pleading stage, bald conclusory allegations like these will not. *See Lujan*, 504 U.S. at 561 (internal citation omitted). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. "[W]here the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679, 129 S.Ct. 1937 (quoting Fed. R. Civ. P. 8(a)(2) ). Plaintiff has failed to allege why or how the phone call caused him injury, thus, there can be no inference of such harm.

### II. Plaintiff has Failed to State a Claim under Rule 12(b)(6) because he has Failed to Sufficiently Allege that Defendant made Two or More Telephone Solicitations Within a 12-Month Period.

Plaintiff's Complaint alleges that Defendant violated 47 U.S.C. § 227(c) by making "multiple unsolicited calls" to Plaintiff's telephone number. However, Plaintiff only alleged that he received one phone call from Austin Johnson, who allegedly is an employee of Defendant.

47 U.S.C. § 227(c), as codified at 47 C.F.R. § 64.1200(c)(2), provides that there is a violation of the National No Call Registry section of the TCPA for "All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint." Therefore, Plaintiff would need to show that Defendant made more than one call to Plaintiff within a 12-month period in order to assert a violation of this section under the TCPA.

Plaintiff alleges that Debt Management Center was an agent of Defendant's, but fails to explain or plead the alleged agent relationship between the two. Plaintiff's conclusory statement that Debt Management Center is an "agent" of Defendant does not mean the minimal pleading standard requirements.

Without pleading the agency relationship or providing information as to the telephone number or that the telephone number was associated with Defendant, vis a vis Debt Management Center, Plaintiff cannot properly allege that Defendant called him more than once within a twelve-month period, as required by the TCPA. Therefore, the Complaint should be dismissed. See

*Meilleur* v. *AT&T Inc.*, No. C11-1025 MJP, 2011 U.S. Dist. LEXIS 132473 (W.D. Wash November 16, 2011)(dismissing cause of action under the TCPA and 47 C.F.R. § 64.1200(c)(2) where "Plaintiff's complaint allege[d] that he received calls from AT&T prior to January 6, 2010, but he failed to allege that two were made in a twelve month period.").

In sum, Plaintiff has failed to sufficiently allege that he received more than one call in a twelve-month period or that LPG was the one who called him. Accordingly, the Complaint should be dismissed.

## CONCLUSION

For the aforementioned reasons, this Court should dismiss Plaintiff's *Complaint*, with prejudice, for lack of standing and/or for failure to state a claim.

                                      Respectfully submitted,

                                      **LUPER NEIDENTHAL & LOGAN**
                                      A Legal Professional Association

                                      */s/ Kyle T. Anderson*
                                      Christopher R. Pett (0065694)
                                      Matthew T. Anderson (0082730)
                                      Kyle T. Anderson (0097806)
                                      1160 Dublin Road, Suite 400
                                      Columbus, Ohio 43215-1052
                                      (614) 221-7663 Fax: (866) 345-4948
                                      Email: cpettit@LNLattorneys.com
                                      Email: manderson@LNLattorneys.com
                                      Email: kanderson@LNLattorneys.com
                                      *Attorneys for Defendant The Litigation Practice Group PC*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing was served by Regular U.S. Mail on this 14th day of October 2022. Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the Court's electronic filing system.

Sent via Regular U.S. Mail to:

Michael Schwartz
3968 Lowry Avenue
Cincinnati, OH 45229

                                                */s/ Kyle T. Anderson*
                                                Kyle T. Anderson (0097806)
                                                Attorney for Defendant