## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

SOUTHERN DIST OHIO
WEST DIV CINCINNATI

**MICHAEL SCHWARTZ,** *an individual,*

      *Plaintiff,*

v.

**THE LITIGATION PRACTICE GROUP PC,** *a California Corporation,*

      *Defendant*

Case No:    1:22-CV-00581-DRC-SKB

<u>INJUNCTIVE RELIEF REQUESTED</u>

<u>DEMAND FOR A JURY TRIAL</u>

## <u>COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF</u>

### INTRODUCTION

1.    Plaintiff Michael Schwartz ("Plaintiff") brings this action against Defendant, The Litigation Practice Group PC. Plaintiff alleges as follows upon personal knowledge, experience, investigation, and, as to all other matters, upon information and belief.

2.     This is an action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3.     Defendants market and sell debt relief services throughout the United States, including Ohio.

4.     To promote their goods and services Defendants conduct an aggressive telemarketing campaign by placing multiple calls to American telecommunications subscribers, including those whose phone numbers are registered on the National Do Not Call Registry. Plaintiff's cellular telephone received multiple calls from an agent acting on Defendant's behalf; *Despite*, 1.) Plaintiff's cellular telephone number being registered on the National Do Not Call Registry; and 2.) failing to secure prior express written consent to call Plaintiff.

5.     By placing the telemarketing calls at issue in this Complaint, Defendants caused Plaintiff actual harm and cognizable legal injury. This includes invasion of privacy, annoyance, nuisance and disruption of Plaintiff's daily life.

6.     Through this action, Plaintiff seeks an injunction and statutory damages as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendants.

3

## PARTIES

7.     Plaintiff is a natural person who, at all times relevant to this action, was a resident of Hamilton County, Ohio.

8.     Defendant, The Litigation Practice Group PC ("LPG"), is a California Corporation with its principal place of business located at 17542 E. 17th Street Suite 100 Tustin, CA 92780. LPG directs, markets, and provides business activities throughout the United States, including Ohio, and this District. LPG's registered agent for service of process is Daniel S. March. Mr. March can be located at 17542 E. 17th Street Suite 100 Tustin, CA 92780.

## JURISDICTION AND VENUE

9.     This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

10.     Venue is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1331 and this Court has original jurisdiction. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant markets services by making calls into in this District.

## LEGAL AUTHORITIES

### The Telephone Consumer Protection Act of 1991

11.     The TCPA was passed into law in 1991. The TCPA regulates and

3

restricts the use of automatic telephone equipment.

12.    The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system ("ATDS"); (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

13.    In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.,* 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd,* 755 F.3d 1265 (11th Cir. 2014).

14.    The TCPA also makes it unlawful for any entity to make more than one call in a 12-month period to any number that is registered with the National Do-Not-Call Registry or that entity's company specific do-not-call list. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) & (d). The TCPA provides a private cause of action to persons receiving calls in violation of 47 U.S.C. § 227(c)(5).

15.    The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.

16.    The FCC has issued rulings and clarified that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous *written* disclosure must be provided to the individual. *See 2012 FCC Order, 27 FCC Rcd. at 1839* ("[R]equiring prior written consent will better protect consumer privacy because

3

such consent requires conspicuous action by the consumer — providing

permission in writing — to authorize autodialed or prerecorded telemarketing

calls ... ").

17.    According to the FCC's findings, calls in violation of the TCPA are

prohibited because, as Congress found, automated or prerecorded telephone calls

are a greater nuisance and invasion of privacy than live solicitation calls, and

such calls can be costly and inconvenient. The FCC also recognized that wireless

customers are charged for incoming calls whether they pay in advance or after the

minutes are used. *See Rules and Regulations Implementing the Telephone*

*Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18

FCC Rcd 14014 (2003).

18.    In 2012, the FCC issued an order tightening the restrictions for

automated telemarketing calls, requiring "prior express written consent" for such

calls to wireless numbers. *See In the Matter of Rules & Regulations*

*Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20

(Feb. 15, 2012) (emphasis supplied).

19.    To obtain express written consent for telemarketing calls, a

defendant must establish that it secured the plaintiff's signature in a form that

gives the plaintiff a "'*clear and conspicuous disclosure*' of the consequences of

providing the requested consent....and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

20.     The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, *a court must evaluate the ultimate purpose of the communication. See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

21.     "Neither the TCPA nor its implementing regulations '*require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" Id. (citing Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

22.     The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer*

*Protection Act of 1991*, 18 *FCC Rcd.* 14014, ¶¶ 139-142 (2003). This is true whether consumers are encouraged to rent, purchase or consume goods at the time the call is received or in the future. (emphasis supplied).

23.     In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See* In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶ 136 (2003).

24.     If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See* In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

25.     As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.,* No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

26.     Similarly, the United States Court of Appeals for the Second Circuit recently held that the receipt of a telemarketing or unsolicited call "demonstrates more than a bare violation and satisfies the concrete-injury requirement for standing." *Leyse v. Lifetime Entm't Servs., LLC*, Nos. 16-1133- cv, 16-1425-cv, 2017 U.S. App. LEXIS 2607 (2d Cir. Feb. 15, 2017) (citing *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 725 F.3d 65, 105 (2d Cir. 2013) ("The injury-in-fact necessary for standing need not be large; an identifiable trifle will suffice."); *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 819-21 (8th Cir. 2015) (holding that receipt of two brief unsolicited robocalls as voicemail messages was sufficient to establish standing under TCPA); *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1252 (11th Cir. 2015) (holding that injury under similar TCPA provision may be shown by one-minute occupation of fax machine).

27.     The FCC has "repeatedly acknowledged the existence of vicarious liability under the TCPA." *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 878 (9th Cir. 2014) (citing In re Joint Petition Filed by Dish Network, LCC, 28 FCC. Rcd. 6574, 6574 (2013)). Principles of apparent authority and ratification may also provide a basis for vicarious seller liability for violations of section 227(b). *See Thomas v. Taco Bell Corp.*, 582 F. App'x 678 (9th Cir. 2014) (citing 28 F.C.C.

Rcd. at 6590 n. 124). A ratification occurs when the benefits of the purportedly unauthorized acts are accepted with full knowledge of the facts under circumstances demonstrating the intent to adopt the unauthorized arrangement. *Stalley v. Transitional Hosps. Corp. of Tampa, Inc.*, 44 So. 3d 627, 631 (Fla. 2d DCA 2010).

## FACTUAL BACKGROUND

28.    At all times relevant, Plaintiff was a citizen of the State of Ohio.

29.    LPG is a legal practice consisting of "attorneys for consumers in debt, civil and commercial legal matters" and offers "a way out of debt, collections harassment, legal action and financial burdens in 48 US states." [2]

30.    LPG markets to and conducts a portion of its business in the State of Ohio.

31.    Upon information and belief, LPG is directly involved with and is responsible for the implementation of the tortious telemarketing campaign that has caused Plaintiff harm.

32.    Upon information and belief, LPG profits from its third-party telemarketer's telemarketing practices aimed at Plaintiff and others.

---

[2] https://lpglaw.com/

33.     On or about August 22, 2022 LPG began placing or cause others to place unsolicited telemarketing calls to Plaintiff's cellular telephone number (817)600-6805 ("the 6805 Number"), despite it being listed on the National Do Not Call Registry ("DNC")[3]

34.     The calls were placed through the use of an automated system for the selection or dialing of telephone numbers, which included an electronic beep, indicating the call was being transferred to an actual person.

35.     Between the time period of August 22, 2022 and September 16, 2022 Plaintiff received four (4) individual telemarketing calls from Defendant's agent, all through the use of an automated system for the selection or dialing of telephone numbers.

36.     Upon Defendants' dialing equipment establishing a connection, or in other words, when Plaintiff answered the calls, the telemarketing employee would ask Plaintiff if he had "bills to pay under [his] name." The lack of information known by the caller and, therefore, the need to ask Plaintiff if he had bills to pay, indicates that LPG's telemarketing agent, Debt Management Center ("DMC"), did not have information about Plaintiff prior to calling him and did not have Plaintiff's express written consent or permission to call.

37.     To transmit the above telephonic sales calls, DMC used equipment

which has the capacity to generate random telephone numbers using a random
or sequential number generator, and dial such numbers, *en masse* -

without any human intervention, and in fact, Defendant's agent used such
equipment to dial Plaintiff's cellular telephone number on behalf of LPG.

38.   Plaintiff never provided Defendants with any form of consent,
including express written consent that authorized Defendants to transmit
telephonic sales calls to Plaintiff's cellular telephone number utilizing an
automated system for the selection or dialing of telephone numbers.

39.   On August 22, 2022, Plaintiff told Mr. Austin Johnson, an
employee of LPG, to place Plaintiff's telephone number on LPG's internal do not
call list and to instruct any third-party call centers to also place Plaintiff's
telephone number on their internal do not call lists. Plaintiff received three (3)
calls after informing LPG he did not want to be contacted.

40.   When a connection was established between Defendants' dialing
equipment and Plaintiff's cellular telephone, either by Plaintiff answering the call
or Plaintiff's voicemail completing the connection, there would be a silence, with
a click or beep tone, then, a live operator coming on the line, promoting
Defendants' products and services with promotional messages stating that LPG's
products could "help you with your bills to pay."

41.    Plaintiff has never inquired about debt relief or help with paying bills, has never asked to be contacted about debt relief or related services by telephone or otherwise, and in fact does not have any outstanding bills that would provide the possibility for Plaintiff to use Defendant's products; all of which further demonstrates that Defendants used an automated system for the selection or dialing of telephone numbers in placing the calls to Plaintiff's cellular telephone.

42.    On or about September 9, 2022 out of frustration and with the intention of stopping Defendants' harassing calls, Plaintiff filed a civil Complaint with the Hamilton County Municipal Court.

43.    Despite Plaintiff's attempt to halt Defendants' unsolicited telemarketing calls, the calls still persisted.

44.    Not only did the calls persist but they came from multiple long code numbers and/or spoofed numbers in an attempt to dupe Plaintiff to answer the relentless telemarketing calls.

45.    The telemarketing sales calls at issue in this action originated from multiple long code and/or spoofed numbers, including: 1.) 949-430-0725 and 2.) 843-968-2132.

46.     Upon information and belief, the long code numbers cited in ¶ 45 of this Complaint are owned, maintained, and/or operated by Defendant's agent.

47.     Plaintiff is the sole subscriber and regular user of the 6805 Number and is financially responsible for telephone service to the 6805 Number.

48.     The 6805 Number is for personal use and is not associated with a business.

49.     Plaintiff has never done business with Defendant or Defendant's agent, has never inquired about their products and never provided prior express written consent to Defendant or Defendant's agent to place autodialed calls to solicit their products.

50.     Upon information and belief, Defendants and/or their agents lack a sufficiently adequate system for limiting autodialed and/or prerecorded calls to cellular phones for which it does not have prior express permission to call.

51.     Defendants' calls constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services.

52.     Upon information and belief, Defendants fail to maintain a list of persons who request not to receive telephonic sales calls.

53.      The generic and repetitive nature of Defendants' prerecorded

telemarketing calls, combined with the large number of calls, the random nature

of the calls, the lack of an immediate connection when the calls were answered,

an audible pause and click when the calls were answered and the use of multiple

long code numbers and/or spoofed numbers in making the calls demonstrates

that Defendants utilized an automated system for the selection or dialing of

Plaintiff's telephone number.

54.     Defendants' unsolicited calls caused Plaintiff actual harm, including

invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and

conversion. The relentless calls also caused inconvenience and disruption to

Plaintiff's daily activities and the peaceful enjoyment of Plaintiff's personal and

professional life, including the ability to use Plaintiff's cellular telephone.

55.     Defendants hounded Plaintiff with persistent calls. Plaintiff was at

home when many of the calls were received, which resulted in an audible sound,

*e.g.*, the constant ringing of Plaintiff's cellular telephone, which caused a

disturbance of the domestic peace of Plaintiff's home and invaded Plaintiff's

privacy on a daily basis for over three weeks.

56.     LPG's agent, acting on LPG's behalf, knowingly and/or wilfully

made or caused each and every call relevant to this case.

## CLAIMS

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)

57.     Plaintiff repeats and incorporates by reference ¶ ¶ 1–56.

58.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ...." 47 U.S.C. § 227(b)(1)(A)(iii).

59.     Defendant The Litigation Practice Group PC.– or third parties directed by The Litigation Practice Group PC. – transmitted calls using an automatic telephone dialing system to the cellular telephone number of Plaintiff.

60.     These calls were made without regard to whether or not Defendant The Litigation Practice Group PC had first obtained express permission from Plaintiff to make such calls.

61.     Defendant The Litigation Practice Group PC and its agent, Debt Management Center, did not have prior express consent to call the cellular telephone of Plaintiff when the calls were made.

62.     Defendant The Litigation Practice Group PC. has, therefore, violated

§ 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phone of Plaintiff without prior express consent.

63.     Defendant The Litigation Practice Group PC knew that it did not have prior express consent to make these calls, and knew or should have known that it was using an ATDS to make non-emergency telephone calls to the cell phone of Plaintiff without prior express consent. The violations were therefore willful or knowing.

64.     Defendant The Litigation Practice Group PC.'s calls caused Plaintiff actual harm including, but not limited to, invasion of personal privacy, aggravation, nuisance and disruption to Plaintiff's daily life, reduction in cellular telephone battery life, data loss and loss of use of Plaintiff's cellular telephone.

65.     As a result of the aforementioned violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in negligent violation of the TCPA, or up to $1,500 in statutory damages for each call in willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

66.     Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such future conduct. *Id.*

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Michael Schwartz demands a jury trial on all claims so triable, and judgment against Defendant The Litigation Practice Group PC for the following:

      a. Injunctive relief prohibiting violations of the TCPA by Defendant The Litigation Practice Group PC and its telemarketing agents in the future;

      b. Statutory damages of $500.00 for each and every call made in negligent violation of the TCPA or $1,500 for each and every call made in willful violation of the TCPA, pursuant to 47 U.S.C. § (b)(3)(B)

      c. Such other relief as this Court deems just and proper.

## COUNT II
### Violations of the TCPA, 47 U.S.C. § 227(c)

90. Plaintiff repeats and incorporates by reference ¶ ¶ 1–56.

91. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

92.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[5]

93.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may "may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

94.     Defendant The Litigation Practice Group PC violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephonic solicitations to the cellular telephone of Plaintiff which at all times relevant to this matter was listed on the National Do Not Call Registry.

95.     Defendant The Litigation Practice Group PC further violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telephone call in a 12-month period made by or on behalf of Defendant The Litigation Practice Group PC in violation of 47 C.F.R. § 64.1200, as described above.

---

[5] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

96.     Defendant The Litigation Practice Group PC knew or should have known that Plaintiff's cellular telephone was, at all times relevant to this matter, listed on the National Do Not Call Registry. The violations were therefore willful or knowing.

97.     Defendant The Litigation Practice Group PC's calls caused Plaintiff actual harm including, but not limited to, invasion of personal privacy, aggravation, nuisance and disruption to Plaintiff's daily life, reduction in cellular telephone battery life, data loss and loss of use of Plaintiff's cellular telephone.

98.     As a result of the aforementioned violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in negligent violation of the TCPA, or up to $1,500 in statutory damages for each call in willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

99.     Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such future conduct. *Id.*

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Michael Schwartz demands a jury trial on all claims so triable, and judgment against Defendant The Litigation Practice Group PC for the following:

a.  Injunctive relief prohibiting violations of the TCPA by Defendant The

Litigation Practice Group PC in the future;

b. Statutory damages of $500.00 for each and every call made in negligent violation of the TCPA or $1,500 for each and every call made in willful violation of the TCPA, pursuant to 47

U.S.C. § (b)(3)(B); and,

c. Such other relief as this Court deems just and proper.

## COUNT III
## Violations of the TCPA, 47 U.S.C. § 227(d)

100.   Plaintiff repeats and incorporates by reference ¶ ¶ 1–56.

101.   The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides that "[n]o person or entity shall initiate any call for telemarketing purposes" to "[a] residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

102.   47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[6]

---

[6] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

103. Pursuant to 47 U.S.C. § 227(d)(3), "If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request."

104. Defendant LPG violated 47 C.F.R. § 64.1200(d) by failing to honor Plaintiff's do-not-call request, which was communicated to Mr. Austin Johnson, an employee of LPG, on August 22, 2022.

105. Pursuant to 47 U.S.C. § 227(d), "A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls." Plaintiff made such a request to Defendant's employee on August 22, 2022; however, Plaintiff continued to receive calls after August 22, 2022.

106. Defendant LPG knew or should have known that Plaintiff's cellular telephone was at all times relevant to this matter, listed on the National Do Not Call Registry. The violations were therefore willful or knowing.

107. Defendant LPG's third-party telemarketing partner caused Plaintiff actual harm including, but not limited to, invasion of personal privacy, aggravation, nuisance and disruption to Plaintiff's daily life, reduction in cellular telephone battery life, data loss and loss of use of Plaintiff's cellular telephone.

108. As a result of the aforementioned violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in negligent violation of the TCPA, or up to $1,500 in statutory damages for each call in willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

*109.* Additionally, Plaintiff is entitled to and seeks injunctive relief prohibiting such future conduct. *Id*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Michael Schwartz demands a jury trial on all

claims so triable, and judgment against Defendant LPG. for the following:

    a.  Injunctive relief prohibiting violations of the TCPA by Defendant LPG. in the future;

    b.  Statutory damages of $500.00 for each and every call made in negligent violation of the TCPA or $1,500 for each and every call made in willful violation of the TCPA, pursuant to 47 U.S.C. § (b)(3)(B); and,

    c.  Such other relief as this Court deems just and proper.

## JURY DEMAND

154.   Plaintiff hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

155.   Plaintiff demands that Defendant take affirmative steps and affirmative measures to retain, collect, and ensure that no potentially relevant documents, records, or information (including electronic information) are inadvertently altered, lost, or destroyed. Plaintiff further demands that Defendant shall preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Plaintiff and the communication or transmittal of the calls as alleged herein.

Dated: December 15, 2022

Respectfully Submitted,

/s/ Michael Schwartz

**MICHAEL SCHWARTZ**
*Pro se Plaintiff*
3968 Lowry Ave
Cincinnati, Ohio 45229
Tel.: (817) 600-6805
Email: tcpacorrespondence@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 15, 2022 I filed the foregoing document with the Clerk of the Court. Which when entered by the Clerk will generate notices of filing to any party or individual who has requested to receive notices for this case. **I FURTHER CERTIFY** that on this 15th day of December, 2022, a true and correct copy of the forgoing document was mailed to LPG's Counsel in the manner specified in the below service list.

By: */s/ Michael Schwartz*
Michael Schwartz

## SERVICE LIST

### Michael Schwartz v. The Litigation Practice Group PC

### United States District Court, Southern District of Ohio Western Division

Luper Neidenthal & Logan
ATTN: Matthew T. Anderson
1160 Dublin Road, Suite 400
Columbus, Ohio 43215
Tel. (614) 229-4403
Email: manderson@lnlattorneys.com

*Defendant*

*Service via U.S. Mail and E-Mail*